**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ROSIE ESCOBEDO | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-14-CV-297-XR |
| | § | |
| OCWEN LOAN SERVICING LLC and | § | |
| U.S. BANK N.A., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

On this day, the Court considered Defendants/Counter-Plaintiffs' motion to dismiss. Docket No. 5.  For the following reasons, the motion is GRANTED.

**Background**

On March 21, 2014, Plaintiff/Counter-Defendant Rosie Escobedo ("Plaintiff") filed an original petition in the 407th Judicial District Court of Bexar County, Texas against Ocwen Loans Servicing LLC and U.S. Bank N.A ("Defendants"). Docket No. 1-2.  By her lawsuit, Plaintiff seeks to prevent a foreclosure sale of her home. *See id.* ¶ 17.

While Plaintiff's ultimate goal is clear from her pleadings, the underlying facts and theory for relief are not.  Plaintiff alleges one paragraph of substantive allegations. *Id.* ¶ 11.  She asserts:

> On 09/07/2005, [Plaintiff] entered into a written contract with [Defendants] as assigns of the original note holder.  The contract is a Texas Home Equity Loan. The note is invalid as it violates or otherwise does not meet the requirements under the Texas Constitution Art. 16, Sec. 50(a)(6).  Defendants have sought to foreclose said invalid mortgage on the Plaintiff's home located at 631 Kashmuir Place, San Antonio, Bexar County, Texas 78223, which is the security for said loan.

*Id.*  Plaintiff sues Defendants for breach of contract for allegedly failing to conform the home

equity mortgage to the requirements of the Texas Constitution. *Id.* ¶ 14.  Additionally, she seeks

injunctive relief, enjoining Defendants from selling her home at a foreclosure sale. *Id.* ¶ 17.

On March 31, 2014, Defendants removed the case to this Court on the basis of diversity

jurisdiction. Docket No. 1; *see* 28 U.S.C. § 1332.  Thereafter, the Court *sua sponte* considered its

jurisdiction and ordered Defendants to provide summary judgment-like evidence indicating that

the amount in controversy requirement for diversity jurisdiction had been met. Docket No. 3; *see*

28 U.S.C. § 1332.  Defendants responded with evidence showing that the value of the home and

Plaintiff's expected attorney's fees for this case lifted the amount in controversy over the

threshold limit of $75,000.  *See* Docket No. 6, Ex. A (averring that Plaintiff would likely incur

reasonable and necessary attorney's fees of at least $30,000); Docket No. 1, Ex. C. (averring that

the Bexar County Central Appraisal District values Plaintiff's property at $55,540).[1]  Plaintiff

has not challenged Defendants' evidence.  Accordingly, the Court finds that Defendants have

established by a preponderance of the evidence that the amount in controversy exceeds $75,000

and that this Court has jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.

1995).[2]

After removal, Defendants filed a counterclaim for judicial foreclosure. Docket No. 4.

Defendants also moved to dismiss Plaintiff's claim. Docket No. 7.  In their motion to dismiss,

---

[1] *See also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (stating that when a plaintiff sues for injunctive relief to enjoin a foreclosure sale, the amount in controversy includes the value of the mortgaged property); *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (citing 14A C. Wright & A. Miller, *Federal Practice & Procedure* § 3712, at 176 (2d ed. 1985) ("The law is now quite settled that attorney's fees are a part of the matter in controversy when they are provided for by contract or by state statute.")); TEX. CIV. PRAC. & REM. CODE 38.01(8) (allowing recovery of attorney's fees for breach of contract).

[2] The Court also notes that the parties are diverse.  Plaintiff is a citizen of Texas. Pet. ¶ 2, Docket No. 1-2.  U.S. Bank N.A is a citizen of Ohio. Not. of Removal ¶ 6, Docket No. 1.  Ocwen Loans Servicing LLC is a citizen of Florida. *Id.* ¶ 7.

which is now under consideration, Defendants assert that Plaintiff cannot state a claim challenging her Texas home equity mortgage since the limitations period for challenging the mortgage has expired.

## Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief;" and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## Discussion

In their motion to dismiss, Defendants do not address the threadbare recitation of facts allegedly supporting Plaintiff's claim for breach of contract. Instead, Defendants point to a more severe and incurable problem—the statute of limitations. According to Defendants, claims based on alleged violations of Texas Constitution Article XVI, section 50(a)(6) that can potentially invalidate a lien are subject to the Texas four-year residual statute of limitations. Mot. to Dismiss, at 3; *see* TEX. CONST. art. XVI, § 50(a)(6); TEX. CIV. PRAC & REM. CODE § 16.051.

3

Defendants assert that claims challenging the validity of a Texas home equity mortgage under Section 50(a)(6) must be brought within four years of the date of the mortgage's creation. Since Plaintiff asserts that she entered into her home equity mortgage on September 7, 2005, Defendants argue that she cannot now challenge the lien. *See* Pet. ¶ 11. Plaintiff has not responded to Defendants' motion to dismiss.

Defendant's argument is valid. The Fifth Circuit has conclusively determined that the Texas residual statute of limitations applies to claims challenging Texas home equity mortgages. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 (5th Cir. 2013) *cert. denied,* 134 S. Ct. 196 (2013). Additionally, the court has determined that a plaintiff's injury accrues at the creation of the home equity mortgage and is not tolled until a plaintiff discovers the legal significance of a Section 50(a)(6) violation. *Id.* at 675–76. Accordingly, in cases such as this one, where a plaintiff challenges the validity of a home equity lien more than four years after its creation, the plaintiff's claim is barred by limitations and must be dismissed. *See id*. at 671; *Skinner v. Wells Fargo Bank, N.A.*, CIV. A. H-13-2613, 2013 WL 5781244, at *2–3 (S.D. Tex. Oct. 25, 2013).[3] Finally, since Plaintiff cannot state a claim, she is not entitled to injunctive relief. *See Sledge v. JP Morgan Chase Bank, N.A.*, SA:13-CV-797-XR, 2014 WL 51169, at *4 (W.D. Tex. Jan. 7, 2014).

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Docket No. 5.

---

[3] In limited circumstances a defendant may be estopped from raising limitations as a defense. *See Priester*, 708 F.3d at 676–77 (rejecting the argument that the doctrine of fraudulent concealment estops the defendant from raising limitations as a defense). Here, Plaintiff does not suggest any reason that the statute of limitations should not apply. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

4

Plaintiff's claim is DISMISSED WITH PREJUDICE.  The Clerk is instructed to keep this case open as Defendants' counterclaim remains pending.

It is so ORDERED.

SIGNED this 15th day of May, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE